WILLIAM WATTERS and GEORGE LEVISOHN

v.

MAYOR AND COMMON COUNCIL OF BAYONNE et al.

[Decided September 17th, 1918.]

1. The legal sufficiency of a defence which under the old practice would have been presented by a plea and which would be tested by setting down the plea for hearing is now properly tested under rules 67, 68 and 75 by motion to strike out the answer filed in lieu of plea, or that portion of the answer raising the defence.

2. The rule is established for this court that where the price to be paid by a municipality is so excessive as to shock the conscience, the court may properly interfere by injunction to save the municipality's money from willful waste or fraudulent diversion. *McKinley* v. *Freeholders of Union County, 29 N. J. Eq. 164; McCormick* v. *New Brunswick, 83 N. J. Eq. 1.*

3. The provisions of subdivision 3, section 2 of chapter 252 of the laws of 1916 (*P. L. 1916 p. 525*), as amended by chapter 240 of the laws of 1917 (*P. L. 1917 p. 803*), commonly known as the Pierson act, and which act is designed to provide for a uniform method of issuing bonds by municipalities and which subdivision provides that after twenty days after the publication of the statement referred to in the act the ordinance or resolution shall be conclusively presumed to have been duly and regularly passed and to comply with the provisions of the act, or any other act, and that the validity of such ordinance or resolution should not be questioned except in a suit commenced prior to the expiration of such twenty days, do not prevent a court of equity from, after the expiration of the twenty days, enjoining the municipality from using the proceeds of bonds in the manner contemplated by the provisions of its ordinance, nor from enjoining the issuance of the bonds, and answers filed in lieu of plea setting up the expiration of the twenty-day period will be stricken out as presenting no defence.

4. The purpose of the provisions of the subdivision is to prevent an attack which will affect the validity of the bonds issued under the act, and such is not the effect of the proceedings referred to.

On motion to strike out.

*Mr. Robert Carey,* for the complainants.

*Mr. James Benny* and *Mr. Gilbert Collins,* for the defendants.

LANE, V. C.

This is a motion to strike out answers filed by defendants in lieu of pleas.

Under the old practice the defence would be set up by pleas and the pleas would be set down for hearing to test their legal sufficiency. Under the present practice the objection is made by motion to strike out. Rules 67, 68 and 75. The question is whether the answers present a legal defence. The bill is filed upon the authority of *McKinley* v. *Chosen Freeholders of Union County, 29 N. J. Eq. 164,* and *McCormick* v. *Mayor and Common Council of the City of New Brunswick, 83 N. J. Eq. 1,* to enjoin the city of Bayonne from purchasing a water works system at a price alleged to be so excessive as to shock the conscience. In such a case the chancellor, in *McCormick* v. *New Brunswick,* said that this court might properly interfere by injunction to save the city's money from willful waste or fraudulent diversion. The answers set up that proceedings were taken by the city under the provisions of chapter 252 of the laws of 1916 (*P. L. 1916 p. 525*), as amended by chapter 240 of the laws of 1917 (*P. L. 1917 p. 803*), to raise moneys, through a bond issue, for the purchase of the water works and that all proceedings were in strict accordance with the act and that more than twenty days having elapsed after the publication of the statement signed by the clerk in accordance with the provisions of section 2 before the commencement of this suit, the complainant is barred under the provisions of section 2, subdivision 3, from questioning the validity of the ordinance or of any bonds issued in accordance therewith.

No bonds have actually been issued, nor do I think it would make any difference if they had been.

The purpose of the act, commonly called the Pierson act, is to provide for a uniform method of issuing bonds by municipalities. The purpose of subdivision 3 of section 2 is to prevent any action after the expiration of the twenty-day period which would cast a cloud upon the validity of the bonds. It is true that subdivision 3 forbids an attack upon the ordinance or resolution after the expiration of the period fixed, which ordinance or resolution, in the language of the subdivision, shall be conclusively presumed to have been duly and regularly passed and to comply

with the provisions of this or any other act. The ordinance or resolution referred to, however, will be found by reference to the act to be an ordinance or resolution authorizing the issuance of bonds, not an ordinance or resolution authorizing the making of the improvement or whatnot for which the proceeds of the bonds are to be used. While the ordinance in the instant case authorizing the purchase of the water works was incorporated in the same document as the ordinance authorizing the issuance of bonds, there is in reality two distinct steps in the procedure.

My conclusion is that the provisions of subdivision 3, section 2, prevent only an attack upon the regularity and validity of so much of the ordinance as provides for the issuance of bonds. Assuming that the ordinance providing for the issuance of bonds has been regularly passed and is valid, and that any bonds issued under it would be valid obligations of the municipality, there is nothing I think which will prevent a court of equity from enjoining the city from using the proceeds of the bonds in such manner as will violate any equitable right of the inhabitants of the municipality. Nor do I think that, assuming the regularity and validity of the ordinance directing the issuance of bonds, and that the city has the power to issue the bonds, there is anything to prevent a court of equity from enjoining the municipality from exercising the power which it has derived through the passage of the ordinance in an unconscionable manner, and that therefore if the bonds have not yet been issued their issue may be restrained, notwithstanding that the period provided for in subdivision 3 of section 2 within which an attack must be made upon the ordinance has expired. By so holding, the rights of holders of bonds issued under the act will be fully protected and yet the court will not be precluded from preventing a fraudulent diversion of funds. In many cases the fraud may not be discovered or be discoverable until after the expiration of the short period fixed by the statute.

I will advise an order striking out the answers filed in lieu of pleas and giving defendants ten days within which to file answers on the merits.