SYLLABUS

(This syllabus is not part of the opinion of the Court. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Supreme Court. Please note that, in the interest of brevity, portions of any opinion may not have been summarized.)

**In re Petition for Referendum to Repeal Ordinance 2354-12 of the Twp. of W. Orange**
**(A-54-13) (073069)**

**Argued October 7, 2015 – Decided December 21, 2015**

**ALBIN, J., writing for a unanimous Court.**

In this appeal, the Court considers whether plaintiffs' action in lieu of prerogative writs challenging a municipal ordinance authorizing the issuance of $6,300,000 in bonds to finance a redevelopment project in the Township of West Orange is untimely under the twenty-day limitation period of N.J.S.A. 40A:2-49 and Rule 4:69-6(b)(11).

The Mayor and Township Council of West Orange passed a resolution declaring the Township's downtown area to be an "area in need of redevelopment." On March 20, 2012, the Township adopted Ordinance 2354-12 (ordinance) allowing it to issue $6,300,000 in redevelopment bonds to fund the project. The effective date of the ordinance was twenty days after its publication, which occurred on March 22, 2012.

Several Township residents formed a committee to challenge the ordinance by referendum and filed a referendum petition with the Township Clerk. That filing suspended the ordinance by operation of law pending the Clerk's review of the validity and sufficiency of the petition. The Clerk rejected the petition because it contained an insufficient number of valid signatures and because the Local Redevelopment and Housing Law, N.J.S.A. 40A:12A-28 (Redevelopment Law), precluded the submission of a bond ordinance for voter approval. An amended petition was rejected for the same reasons.

Fifty-three days after final publication of the ordinance, plaintiffs commenced this action by verified complaint in lieu of prerogative writs challenging both the validity of the ordinance and the rejection of the referendum petition. The trial court determined that because the ordinance was a redevelopment bond ordinance, the Redevelopment Law prohibited public approval by referendum. Although the court also suggested that plaintiffs had not established the invalidity of the ordinance based on the absence of review by the Local Finance Board, the court did not reach that issue because it held the action untimely under N.J.S.A. 40A:2-49 and Rule 4:69-6(b)(11), and dismissed the complaint.

The Appellate Division affirmed the dismissal in an unpublished opinion. The panel found that the complaint was not filed within twenty days of the publication date of the ordinance, as required by Rule 4:69-6(b)(11), and that the plaintiffs did not seek an enlargement of that period under Rule 4:69-6(c). The panel rejected plaintiffs' argument that the time for filing an action did not begin to run until after the Township Clerk's second rejection of the referendum petition. The panel therefore concluded that plaintiffs' challenge to the ordinance was time-barred, and was properly dismissed. This Court granted limited certification. 217 N.J. 51 (2014).

**HELD:** A challenge to a redevelopment bond ordinance must be filed within twenty days of the final publication of the ordinance pursuant to Rule 4:69-6(b)(11) and N.J.S.A. 40A:2-49, barring the most extraordinary circumstances, which are not present here. Although Rule 4:69-6(c) permits an enlargement of the filing period in the interest of justice, N.J.S.A. 40A:2-49, which states that a bond ordinance is conclusively presumed to be valid twenty days after publication, counsels against exceptions to the twenty-day filing rule. Consequently, plaintiffs' action, which was not filed until fifty-three days after publication of the ordinance, is untimely and was properly dismissed.

1. The issue of the timeliness of plaintiffs' action in lieu of prerogative writs challenging the validity of the West Orange redevelopment bond ordinance requires construction of a court rule and a statute, and therefore presents a question of law which is subject to de novo review. (p. 9)

2. Plaintiffs first challenged the ordinance by filing a petition for referendum. Although the right to referendum is generally applicable to any ordinance, the Legislature has authority to exempt specific categories of ordinances from the reach of ballot approval. The ordinance challenged here is a redevelopment bond ordinance in form and substance. The Legislature has unambiguously decreed that an ordinance enacted under the Redevelopment Law is not subject to voter approval. The Township Clerk therefore properly concluded that the ordinance was not subject to referendum. (pp. 10-12)

3. Plaintiffs' challenge to the validity of the ordinance, asserted through the action in lieu of prerogative writs filed fifty-three days after publication of the ordinance, was brought beyond the twenty-day period mandated by N.J.S.A. 40A:2-49 and Rule 4:69-6(b)(11). Under N.J.S.A. 40A:2-49, it is conclusively presumed that a bond ordinance is valid twenty days after publication of final passage of the ordinance. The statute further states that interested parties are estopped from denying the validity of the ordinance after the twenty-day period. A predecessor statute similarly cloaked a municipal bond ordinance with a presumption of validity and estopped legal challenges after the requisite filing period. The twenty-day limitation period is intended to prevent any action which would cast a cloud on the validity of the bonds, and provide confidence to financial markets and investors that municipal bonds authorized by ordinance will not be subject to a legal challenge after expiration of the stated period. The Legislature has therefore expressed the need for strict time limits governing the commencement of lawsuits challenging bond ordinances. (pp. 12-15)

4. The twenty-day limitation period of N.J.S.A. 40A:2-49 is mirrored by Rule 4:69-6(b)(11). Rule 4:69-6(c) permits an enlargement of the requisite filing period where it is manifest that the interest of justice requires that relief. Any expansion of the limitations period, however, must be balanced against the important policy of repose expressed in the Rule. Consequently, in the challenge to the bond ordinance asserted here, the enlargement of time provision of Rule 4:69-6(c) must yield to the plain meaning and purpose of N.J.S.A. 40A:2-49, including the conclusive presumption of validity of a bond ordinance after twenty days, which militate against exceptions to the filing period. Only in the most extraordinary of circumstances, which are not presented here and are difficult to envision, should a court entertain a request to enlarge the twenty-day filing period for an action in lieu of prerogative writs challenging a municipal bond ordinance. (pp. 15-17)

5. The referendum petition that plaintiffs filed seeking to place the ordinance on the ballot does not toll the twenty-day limitation period for challenging the ordinance's validity. N.J.S.A. 40A:2-49 and Rule 4:69-6(b)(11). To decide otherwise would sanction a template that delays the implementation of a duly enacted bond ordinance, contrary to statute and Court Rule. (pp. 18-19)

The judgment of the Appellate Division, which upheld the trial court's dismissal of plaintiffs' action in lieu of prerogative writs, is **AFFIRMED.**

**CHIEF JUSTICE RABNER; JUSTICES PATTERSON and SOLOMON; and JUDGE CUFF (temporarily assigned) join in JUSTICE ALBIN'S opinion. JUSTICES LaVECCHIA and FERNANDEZ-VINA did not participate.**

IN RE: PETITION FOR
REFERENDUM TO REPEAL
ORDINANCE 2354-12 OF THE
TOWNSHIP OF WEST ORANGE,
ESSEX COUNTY, WINDALE
SIMPSON, MARK MEYEROWITZ,
ALTHIA TWEITEN, MICHAEL
SCHARFSTEIN, AND ROSARY
MORELLI,

    Plaintiffs-Appellants,

        v.

THE TOWNSHIP OF WEST ORANGE,
a Municipal Corporation of
the State of New Jersey,
ROBERT D. PARISI, Mayor, and
KAREN CARNEVALE, Clerk of
West Orange Township,

    Defendants-Respondents,

        and

PRISM GREEN ASSOCIATES IV,
L.L.C., PRISM GREEN URBAN
RENEWAL ASSOCIATES IV,
L.L.C., and GP 177 MAIN URBAN
RENEWAL, L.L.C.,

    Defendants/Intervenors-
    Respondents.


       Argued October 7, 2015 – Decided December 21, 2015

       On certification to the Superior Court,
       Appellate Division.

       George B. Campen argued the cause for
       appellants.

1

William W. Northgrave argued the cause for respondents (McManimon, Scotland & Baumann, attorneys).

Patricia E. Stern, Deputy Attorney General, argued the cause for amicus curiae Local Finance Board (John J. Hoffman, Acting Attorney General of New Jersey, attorney; Melissa H. Raksa, Assistant Attorney General, of counsel; Donald M. Palombi, Deputy Attorney General, on the letter brief).

Louis N. Rainone appeared on behalf of intervenors-respondents and relied on the argument of respondents (DeCotiis, FitzPatrick & Cole, attorneys; Daniel E. Zwillenberg, on the letter joining in respondents brief).

Edward Purcell, Associate Counsel, submitted a brief on behalf of amici curiae New Jersey State League of Municipalities and New Jersey Institute of Local Government Attorneys (William J. Kearns, Jr., General Counsel, attorney).

JUSTICE ALBIN delivered the opinion of the Court.

The matter before us concerns a challenge to the validity of a municipal ordinance authorizing the issuance of $6,300,000 in bonds to finance a redevelopment project in the Township of West Orange. Plaintiffs filed an action in lieu of prerogative writs claiming that the Township failed to secure the statutorily required approval for the bond ordinance from the Local Finance Board, which is a part of the Division of Local Government Services within New Jersey's Department of Community

2

Affairs (State's Local Finance Board). On that basis, plaintiffs submit that the bond ordinance is invalid.

The trial court dismissed the prerogative-writs action because plaintiffs filed their complaint fifty-three days after final publication of the bond ordinance -- well outside the twenty-day period permitted by Rule 4:69-6(b)(11). The Appellate Division affirmed.

We hold that a challenge to a redevelopment bond ordinance must be filed within twenty days of the final publication of the ordinance in accordance with Rule 4:69-6(b)(11), barring the most extraordinary of circumstances, which are not present here. N.J.S.A. 40A:2-49 provides that bond ordinances are "conclusively presumed" to be valid twenty days after publication of the final passage of the ordinance. The clear purpose of N.J.S.A. 40A:2-49 is to assure bondholders and financial markets that bonds, once issued, will not be subject to attack. Permitting late-filed challenges to bond ordinances would erode public confidence in the legitimacy of bonds that are issued and almost certainly lead to delay in the implementation of such ordinances. We must read Rule 4:69-6(b)(11) in conjunction with the public policy expressed in N.J.S.A. 40A:2-49. We therefore affirm the dismissal of plaintiffs' late-filed action. We do not reach the issue of whether this bond ordinance required approval from the State's

3

Local Finance Board.

                              I.

                              A.

The Mayor and Township Council of West Orange passed a resolution declaring the Township's downtown area, which includes the historic Edison Storage Battery Building, to be an "area in need of redevelopment."  On March 20, 2012, the Mayor and Council enacted Ordinance 2354-12 allowing the Township to issue $6,300,000 in redevelopment bonds to fund the project.  In doing so, the Township directly exercised redevelopment powers conferred on it by the Local Redevelopment and Housing Law, N.J.S.A. 40A:12A-1 to -73, in particular N.J.S.A. 40A:12A-37. The Township pledged its full faith and credit toward repayment of the bonds.  To that end, the ordinance provided that the municipality would "be obligated to levy ad valorem taxes upon all the taxable real property within the Township."  The effective date of the ordinance was twenty days after its publication, which occurred on March 22, 2012.

Several Township residents formed a Committee of Petitioners to challenge the ordinance by referendum -- that is, to place the ordinance on the ballot for voter approval.  On April 5, 2012, the Committee filed with the Township Clerk a referendum petition supported by the signatures of municipal residents.  Upon the filing of the referendum petition, the

4

ordinance was suspended by operation of law until the Clerk completed her review of the validity and sufficiency of the petition.  See N.J.S.A. 40:69A-189.

On April 16, 2012, the Clerk rejected the referendum petition on two separate grounds.  First, she concluded that the Local Redevelopment and Housing Law, N.J.S.A. 40A:12A-28, barred the submission of a bond ordinance for voter approval.  Second, she determined that the Committee of Petitioners had submitted an insufficient number of valid signatures to trigger a referendum.  On May 2, 2012, the Clerk rejected an amended petition for the same two reasons.

Fifty-three days after the ordinance's publication, on May 14, 2012, a "Protest Committee" consisting of plaintiffs, Windale Simpson, Mark Meyerowitz, Althia Tweiten, Michael Scharfstein, and Rosary Morelli, filed a verified complaint in lieu of prerogative writs challenging both the validity of the ordinance and the Township Clerk's rejection of the referendum petition.  The complaint named West Orange Township, the Mayor, and the Township Clerk as defendants.  Plaintiffs alleged that the bond ordinance was void because the Township had not submitted the ordinance to the State's Local Finance Board for approval.  Plaintiffs also alleged that the Township Clerk wrongly rejected the referendum petition.  In particular, plaintiffs claimed that the Local Redevelopment and Housing Law

5

did not exempt this bond ordinance from a referendum and that the petition contained a sufficient number of qualifying signatures.

The redeveloper for the downtown village project was granted leave to intervene in the lawsuit by the trial court.[1]

B.

The trial court determined that the West Orange ordinance was "nothing more nor less than a re-development bond ordinance."  On that basis, the court found that N.J.S.A. 40A:12A-28 of the Local Redevelopment and Housing Law prohibited the submission of the ordinance for public approval by referendum.

The court also noted that plaintiffs had not established that the Township was required to submit the bond ordinance for Local Finance Board review and therefore had not proved that the ordinance was invalid.  Ultimately, the court concluded that it did not have to reach that issue because plaintiffs' complaint challenging the validity of the redevelopment bond ordinance was not filed within the twenty-day limitation period set by N.J.S.A. 40A:2-49 and Rule 4:69-6(b)(11).  Accordingly, the

---

[1] The redeveloper, Prism Green Associates IV, L.L.C., Prism Green Urban Renewal Associates IV, L.L.C., and GP 177 Main Urban Renewal, L.L.C., relied on the arguments advanced by West Orange Township.

6

court dismissed the action in lieu of prerogative writs.

Plaintiffs appealed the dismissal of their complaint.

## C.

The Appellate Division affirmed the dismissal in an unpublished opinion.  The panel held that N.J.S.A. 40A:12A-28 unequivocally expressed the Legislature's intent to exclude Local Redevelopment and Housing Law ordinances, such as the West Orange bond ordinance, from citizen review in a referendum.  The panel also found that the action in lieu of prerogative writs challenging the validity of the bond ordinance was not filed within twenty days of the ordinance's publication, as required by Rule 4:69-6(b), and that plaintiffs did not seek from the trial court an enlargement of that time period in "the interest of justice," pursuant to Rule 4:69-6(c).  The panel rejected plaintiffs' argument that the time for filing the prerogative-writs action did not begin to run until after the Township Clerk's second rejection of their referendum petition.  Accordingly, the panel concluded that plaintiffs' challenge to the ordinance was time-barred.

We granted plaintiffs' petition for certification on two issues:  (1) "whether plaintiffs' action challenging the municipal ordinance was time[-]barred; and, if not, [(2)] whether the ordinance was invalid because of the municipality's failure to submit an application for approval of the issuance of

7

bonds to the Local Finance Board in the Department of Community Affairs." In re: Petition for Referendum to Repeal Ordinance 2354-12 of the Twp. of W. Orange, 217 N.J. 51 (2014). The New Jersey Institute of Local Government Attorneys and the New Jersey State League of Municipalities, and the State's Local Finance Board accepted this Court's invitation to participate as amici curiae.

II.

Plaintiffs argue that the filing of the referendum petition, which tolled the date the bond ordinance went into effect, also tolled the date for filing the prerogative-writs action, which challenged the validity of the ordinance. Further, plaintiffs submit that this Court can enlarge the time permitted for filing the prerogative-writs action in "the interest of justice," in accordance with Rule 4:69-6(c). Plaintiffs maintain we should not pass on the important issue before us: whether the Township may forego "the statutory requirement for Local Finance Board review and approval."

Defendants contend that the redevelopment bond ordinance adopted by West Orange Township is not subject to voter review in a referendum, citing N.J.S.A. 40A:12A-28, or to Local Finance Board approval, citing N.J.S.A. 40A:12A-29(a), -37, -67. Defendants, moreover, claim that plaintiffs' untimely prerogative-writs action is barred by N.J.S.A. 40A:2-49 and Rule

8

4:69-6(b)(11).  Amici curiae advance arguments in support of the positions taken by defendants.

III.

A.

The immediate issue before us is whether plaintiffs filed a timely action in lieu of prerogative writs challenging the validity of the West Orange redevelopment bond ordinance.  To decide that issue we must construe a court rule and a statute.  Our standard of review of such matters of law is de novo.  See Occhifinto v. Olivo Constr. Co. LLC, 221 N.J. 443, 453 (2015) ("[W]e review legal determinations based on an interpretation of our court rules de novo."); Murray v. Plainfield Rescue Squad, 210 N.J. 581, 584 (2012) ("In construing the meaning of a statute, our review is de novo."); see also Manalapan Realty, L.P. v. Twp. Comm., 140 N.J. 366, 378 (1995) ("A trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference.").

B.

We begin by noting that West Orange Ordinance 2354-12 clearly provides for the issuance of redevelopment bonds pursuant to the Local Redevelopment and Housing Law and related Local Bond Law.  Ordinance 2354-12 is a self-described "bond ordinance" for the funding of general improvements within the

9

"Downtown Redevelopment Area." The ordinance authorizes the issuance of "negotiable bonds" in the amount of $6,300,000 to finance costs related to "environmental remediation, public parking and certain infrastructure work" in the Redevelopment Area. The Township has pledged its "full faith and credit" toward the repayment of the principal and interest on the bonds through the levy of "ad valorem taxes upon all the taxable real property within the Township."

Plaintiffs first challenged the ordinance by filing a petition for referendum. A referendum petition is a challenge to the wisdom of a statute, not a challenge to its legal validity. See In re Ordinance 04-75, 192 N.J. 446, 450 (2007). A referendum is an exercise in direct democracy that allows for an ordinance to be placed on the ballot for voter approval or rejection. Tumpson v. Farina, 218 N.J. 450, 468 (2014) (citing N.J.S.A. 40:69A-185). The right to referendum is granted by statute and extends to those municipalities whose forms of government are organized in accordance with certain legislative schemes. See id. at 467. The Legislature has provided "that the voters of Faulkner Act municipalities, such as West Orange, shall 'have the power of referendum which is the power to approve or reject at the polls any ordinance' passed by the council." Id. at 468 (quoting N.J.S.A. 40:69A-185).

10

Although the right to referendum generally applies to "any ordinance," N.J.S.A. 40:69A-185, the Legislature has authority to exempt specific categories of ordinances from the reach of ballot approval. Ordinance 04-75, supra, 192 N.J. at 467. The Legislature "determine[s] how much direct democracy through referendum should be conferred on the voters of a municipality." Ibid. The Legislature, for example, has exempted zoning ordinances passed pursuant to the Municipal Land Use Law, N.J.S.A. 40:55D-1 to -129, from referendum challenges. Ordinance 04-75, supra, 192 N.J. at 466; see N.J.S.A. 40:55D-62(b) ("No zoning ordinance and no amendment or revision to any zoning ordinance shall be submitted to or adopted by initiative or referendum."). Likewise, the Legislature has provided that "[n]o ordinance, amendment or revision of an ordinance, or resolution under [the Local Redevelopment and Housing Law] shall be submitted to or adopted by initiative or referendum, notwithstanding any other law to the contrary." N.J.S.A. 40A:12A-28.

West Orange Township Ordinance 2354-12, in form and substance, is a redevelopment bond ordinance. The Township passed the bond ordinance through the exercise of redevelopment powers conferred on municipalities by the Local Redevelopment and Housing Law. See N.J.S.A. 40A:12A-1 to -73. The Legislature has unambiguously decreed that an ordinance enacted

11

under the Local Redevelopment and Housing Law is not subject to approval at the ballot box. The Township Clerk, therefore, properly concluded that Ordinance 2354-12 was not subject to referendum.

IV.

A.

The referendum petition -- filed with the Township Clerk two weeks after publication of the adopted bond ordinance -- was not a challenge to the legality of the ordinance. The petition was not a court pleading. Rather, it was a procedural step taken toward placing the ordinance on the ballot for voter approval.

Not until fifty-three days after publication of the ordinance did plaintiffs file an action in lieu of prerogative writs in Superior Court attacking the ordinance's legal validity. In their complaint, plaintiffs alleged that the Township was required to secure approval of the Local Finance Board for the issuance of redevelopment bonds before incurring a municipal debt. That challenge, however, was not brought within the time limit mandated by statute and our court rule.

N.J.S.A. 40A:2-49 provides that "the following shall be conclusively presumed" twenty days after publication of the final passage of a bond ordinance:

> a. the accuracy, correctness and

12

sufficiency of any annual or supplemental debt statement filed in connection therewith;

b. any recitals or statements of fact contained in such ordinance or preamble or recital thereof;

c. determinations in said ordinance as to purposes for which said obligations are authorized, the period or average period of usefulness, the maturities of any obligations, and the validity of the purpose or purposes for which authorized;

d. the due and regular introduction, publication and final passage and adoption of such ordinance;

e. the compliance with the provisions of this chapter and every other law of such ordinance and all matters in connection therewith, and the issuance of obligations authorized thereby or pursuant thereto by the local unit.

Further, after the twenty-day time period, all interested persons are "estopped [forever] from denying that such ordinance or its final adoption or issuance of obligations thereunder do not comply with the provisions of this and every other law, or from questioning in any manner the validity of such ordinance or any obligations issued thereunder in any action or proceeding." N.J.S.A. 40A:2-49.

A predecessor statute, the Pierson Act, L. 1916, c. 252, similarly cloaked a municipal bond ordinance with a presumption of validity and estopped legal challenges to such an ordinance

13

twenty days after its publication.[2]  The purpose of the twenty-day limitation period is "to prevent any action . . . which would cast a cloud upon the validity of the bonds."  Watters v. Mayor & Common Council of Bayonne, 89 N.J. Eq. 384, 385 (Ch. 1918) (commenting on limitation period imposed by Pierson Act).  The evident purpose of both N.J.S.A. 40A:2-49 and the Pierson Act is to give confidence to financial markets and investors that municipal bonds authorized by ordinance will not be subject to a legal challenge after a prescribed time period.  Jersey City Educ. Ass'n v. City of Jersey City, 316 N.J. Super. 245, 251-52 (App. Div. 1998) ("The approval of a municipal bond ordinance and the complexities of preparing for the sale of municipal bonds must have the benefit of the repose arising from a statutory time-bar on continued litigation."), certif. denied, 158 N.J. 71 (1999).  The marketability of such bonds clearly

---

[2] The Pierson Act, which authorized and regulated the issuance of municipal bonds, provided, in pertinent part:

> [T]wenty days after the publication of a statement signed by the clerk . . . stating that an ordinance or resolution in a form published therewith has been adopted or approved, as the case may be, such ordinance or resolution shall be conclusively presumed to have been duly and regularly passed and to comply with the provisions of this or any other act, and the validity thereof or of any bond issued in accordance therewith . . . .

> [L. 1916, c. 252, § 2(3).]

14

would be adversely affected if an ordinance could be attacked after the issuance of the bonds. See id. at 251 ("The pendency of a suit after the passage of a municipal bond ordinance prevents a city or its bond counsel from representing to the public that the proceeds of the bond will be used for the public purposes designated within the bond ordinance."). Thus, the Legislature has expressed the need for strict time limits governing the initiation of lawsuits challenging bond ordinances.

B.

The twenty-day limitation period governing challenges to bond ordinances in N.J.S.A. 40A:2-49 is mirrored in our court rules. Rule 4:69-6(b)(11) states: "No action in lieu of prerogative writs shall be commenced . . . to review any resolution or ordinance authorizing the issuance of notes or bonds of any municipality or other political subdivision, after 20 days from the date of the first publication thereof following final passage." Rule 4:69-6(c) allows a court to "enlarge the period of time provided . . . where it is manifest that the interest of justice so requires" in all eleven categories of matters identified in Rule 4:69-6(a) and (b), including bond ordinances.[3]

---

[3] The time limitation for filing an action in lieu of prerogative writs is generally forty-five days, but is subject to a number

15

Generally, the interest-of-justice provision for expanding the limitation period will apply to cases involving "important and novel constitutional questions," "informal or ex parte determinations of legal questions by administrative officials," "important public rather than private interests which require adjudication or clarification," Borough of Princeton v. Bd. of Chosen Freeholders of Mercer, 169 N.J. 135, 152 (2001) (quoting Brunetti v. Borough of New Milford, 68 N.J. 576, 586, (1975)), and "a continuing violation of public rights," ibid. (quoting Reilly v. Brice, 109 N.J. 555, 559 (1988)). Even in such instances, any expansion of the limitation period must be balanced against the "important policy of repose" expressed in the rule. Id. at 153 (quoting Reilly, supra, 109 N.J. at 559).

This case, however, presents distinctive concerns. Here, Rule 4:69-6(b)(11), which requires the filing of an action in lieu of prerogative writs within twenty days of a bond ordinance's publication, must be read in conformity with N.J.S.A. 40A:2-49 -- the statute that confers on a bond ordinance both a conclusive presumption of validity and

---

of exceptions as set forth in Rule 4:69-6(b). For example, a prerogative-writs action challenging certain elections may not be filed more than fifteen days after the election, R. 4:69-6(b)(1), and an action challenging "any decision of a board of chosen freeholders refusing or granting a permit to erect a building in the bed of any highway" may not be filed more than thirty days after the decision, R. 4:69-6(b)(6).

16

protection from legal attack after the twenty-day limitation period.

Although Rule 4:69-6(c) permits an enlargement of the filing period "where it is manifest that the interest of justice so requires," in the case of an ordinance authorizing the issuance of bonds, N.J.S.A. 40A:2-49 counsels against exceptions to the twenty-day filing rule. That is so because the public and financial markets presume that a municipality issues legally valid bonds. "Prospective bond purchasers are entitled to knowledge of litigation prior to the date of the sale of municipal bonds." Jersey City Educ. Ass'n, supra, 316 N.J. Super. at 251 n.6. Litigation, unquestionably, will adversely "affect[] the sale of municipal bonds." Ibid.

Thus, the exception to Rule 4:69-6 must give way to the plain and common-sense meaning and purpose of N.J.S.A. 40A:2-49. We cannot dismiss, however, a possible scenario in which a bond ordinance, even past the twenty-day limitation period, must be declared void in the manifest interest of justice. Only in the most extraordinary of circumstances -- circumstances that are not presented here and difficult to envision -- should a court entertain a request to enlarge the twenty-day filing period for an action in lieu of prerogative writs challenging an ordinance authorizing the issuance of municipal bonds.

V.

17

We reject plaintiffs' argument that a referendum petition modifies the twenty-day time limitation set forth in N.J.S.A. 40A:2-49 and Rule 4:69-6(b)(11) for the filing of a prerogative-writs action challenging the validity of a bond ordinance. Nothing in the statute or court rule suggests that a referendum petition tolls the prerogative-writs limitation period.

Plaintiffs had two paths by which to challenge the bond ordinance: (1) a prerogative-writs action aimed at the Township's failure to secure Local Finance Board approval for the bond ordinance and (2) a referendum petition seeking to place the ordinance on the ballot. Plaintiffs could have pursued one path, the other, or both paths at the same time. Obviously, an ordinance that is declared void because it violates a statute does not need to be repealed in a referendum. Logic and public policy suggest that a challenge to an ordinance's validity should not be delayed. Here, plaintiffs chose to file a referendum petition even though an ordinance authorizing the issuance of redevelopment bonds cannot be put to a vote in a referendum. See N.J.S.A. 40A:12A-28 (stating that no ordinance enacted pursuant to Local Redevelopment and Housing Law "shall be submitted to or adopted by initiative or referendum, notwithstanding any other law to the contrary"). Pursuing a referendum in no way alters the twenty-day period in which an action in lieu of prerogative writs must be filed to

18

challenge the legal validity of a bond ordinance.  If we were to declare otherwise, we would sanction a template that delays the implementation of a duly enacted bond ordinance, contrary to N.J.S.A. 40A:2-49 and Rule 4:69-6(b)(11).

Accordingly, plaintiffs' action in lieu of prerogative writs was not timely filed and must be dismissed.  We therefore do not decide whether the West Orange bond ordinance required Local Finance Board approval.

## VI.

For the reasons expressed, we affirm the judgment of the Appellate Division, which upheld the trial court's dismissal of plaintiffs' action in lieu of prerogative writs.


CHIEF JUSTICE RABNER; JUSTICES PATTERSON and SOLOMON; and JUDGE CUFF (temporarily assigned) join in JUSTICE ALBIN'S opinion.  JUSTICES LaVECCHIA and FERNANDEZ-VINA did not participate.

19

SUPREME COURT OF NEW JERSEY

NO.    A-54                                    SEPTEMBER TERM 2013

ON CERTIFICATION TO        Appellate Division, Superior Court


IN RE: PETITION FOR REFERENDUM TO REPEAL ORDINANCE 2354-12 OF THE
TOWNSHIP OF WEST ORANGE, ESSEX COUNTY, WINDALE SIMPSON, MARK
MEYEROWITZ, ALTHIA TWEITEN, MICHAEL SCHARFSTEIN, AND ROSARY MORELLI,

      Plaintiffs-Appellants,

          v.

THE TOWNSHIP OF WEST ORANGE, a Municipal Corporation of the State of New
Jersey, ROBERT D. PARISI, Mayor, and KAREN CARNEVALE, Clerk of West Orange
Township,

      Defendants-Respondents,

          and

PRISM GREEN ASSOCIATES IV, L.L.C., PRISM GREEN URBAN RENEWAL
ASSOCIATES IV, L.L.C., and GP 177 MAIN URBAN RENEWAL, L.L.C.,

      Defendants/Intervenors-
      Respondents.


DECIDED              December 21, 2015
                    Chief Justice Rabner              PRESIDING
OPINION BY          Justice Albin
CONCURRING/DISSENTING OPINIONS BY
DISSENTING OPINION BY

| CHECKLIST | AFFIRM | |
|---|---|---|
| CHIEF JUSTICE RABNER | X | |
| JUSTICE LaVECCHIA | ----------- | |
| JUSTICE ALBIN | X | |
| JUSTICE PATTERSON | X | |
| JUSTICE FERNANDEZ-VINA | ----------- | |
| JUSTICE SOLOMON | X | |
| JUDGE CUFF (t/a) | X | |
| TOTALS | 5 | |