**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3338-16T2

JEROME MCCANN, MARY ANN VASTINO,
and ERIN MCGOWAN,

    Plaintiffs-Respondents,

v.

WHITEHALL MANOR CONDOMINIUM
ASSOCIATION, INC.,

    Defendant-Appellant.

_____

        Submitted June 5, 2018 — Decided June 29, 2018

        Before Judges Mayer and Mitterhoff.

        On appeal from Superior Court of New Jersey,
        Law Division, Somerset County, Docket No.
        L-1581-16.

        Law Offices of Jeffrey S. Mandel, LLC,
        attorneys for appellant (Jeffrey S. Mandel,
        of counsel and on the briefs).

        Anthony X. Arturi, attorney for respondents.

PER CURIAM

    Defendant Whitehall Manor Condominium Association, Inc. (the

Association) appeals from a March 3, 2017 order entering judgment

in favor of plaintiffs Jerome McCann, Mary Ann Vastino, and Erin McGowan[1] (former board members). We vacate the order and remand to the trial court for further proceedings.

A detailed factual recitation is not required as our determination is premised solely upon procedural grounds. Briefly, the Association filed suit against the former board members seeking access to an e-mail account used for Association business. Subsequent to the resolution of the Association's lawsuit, the former board members filed a complaint seeking attorney's fees. The former board members alleged that, pursuant to the Association's by-laws, they were entitled to indemnification for legal fees incurred in defending against the Association's lawsuit.

The former board members filed an order to show cause (OTSC) in conjunction with their complaint. The December 16, 2016 OTSC, as signed by the judge, indicated that the matter was to "proceed as a summary proceeding pursuant to Rule 4:67-1(b)" and that the Association must show cause "why an [o]rder should not be entered converting this matter to a summary proceeding pursuant to R.

---

[1] Plaintiffs were elected to serve as members of the Association's governing board and decided not to seek re-election.

4:67-1(b)" on the scheduled return date.[2]  On January 30, 2017, the Association filed opposition to the OTSC, stating the matter required discovery and the Association did not consent to proceeding summarily.

On the OTSC return date, the judge heard oral argument.  The former board members requested the case proceed summarily, arguing that discovery and testimony were not required to adjudicate their claim.  The Association responded that it required discovery and that the matter should not be decided before the Association had the opportunity to set forth its affirmative defenses and counterclaims.

On February 8, 2017, the judge decided the merits of the complaint, finding the former board members were entitled to indemnification.  After the judge rendered her decision, the Association's counsel stated:

> I was unaware that the [c]ourt was going to be considering the underlying relief at the hearing today . . . . [T]he Association's understanding was that a trial date would be set today, the Association would have an opportunity to respond to the pleadings rather than deciding the underlying relief prior to the Association even having filed its responsive pleading.

---

[2]  The OTSC was adjourned to February 8, 2017, at the request of counsel for the Association.

A-3338-16T2

The judge reserved decision only as to the amount of fees to be awarded to the former board members, requesting the submission of an affidavit of services. On March 3, 2017, the judge entered an order awarding the former board members attorney's fees in the amount of $31,108.39.

We review legal determinations based on an interpretation of the court rules de novo. In re Referendum to Repeal Ordinance 2354-12 of West Orange, 223 N.J. 589, 596 (2015). A trial court's interpretation of a court rule is not entitled to any special deference. Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

Rule 4:67-1(b) is applicable to

> actions in the Superior Court other than matrimonial actions and actions in which unliquidated monetary damages are sought, provided it appears to the court, on motion made pursuant to R. 1:6-3 and on notice to the other parties to the action not in default, that it is likely that the matter may be completely disposed of in a summary manner.
>
> [R. 4:67-1(b).]

The summary action rule is designed

> to accomplish the salutary purpose of swiftly and effectively disposing of matters which lend themselves to summary treatment while at the same time giving the defendant an opportunity to be heard at the time plaintiff makes his [or her] application on the question of whether or not summary disposition is appropriate.

> [Pressler & Verniero, <u>Current N.J. Court Rules</u>, cmt. 1 on <u>R.</u> 4:67-1 (2018).]

"Th[e] procedural requirements [of <u>Rule</u> 4:67-1(b)] serve important objectives: to permit the presentation of a factual record and legal arguments to the court, and to ensure that the parties anticipate and address the standard for summary disposition before the court decides whether to grant that relief." <u>Grabowsky v. Twp. of Montclair</u>, 221 N.J. 536, 550 (2015). Summary disposition is only appropriate "when the parties understand and consent to a summary disposition of their disputes." <u>Waste Mgmt. of N.J., Inc. v. Union Cty. Utils. Auth.</u>, 399 N.J. Super. 508, 518-19 (App. Div. 2008) (reversing a final judgment entered on the return date of an order to show cause, finding no "clear and unambiguous statement from the judge [or] unequivocal consent of the parties to a final resolution.")

<u>Rule</u> 4:67-1(b) requires that a party file a motion to proceed in a summary manner. Alternatively, consistent with the case law, both parties may consent to summary disposition. <u>See</u> <u>Grabowsky</u>, 221 N.J. at 547. Here, there was no motion filed by the former board members to proceed summarily, and the Association did not consent to summary disposition. Indeed, both counsel believed that the issue to be decided on the return date of the OTSC was whether the matter would proceed summarily. The Association's

counsel lodged his objection to proceeding summarily and unequivocally stated that the Association did not consent to summary disposition of the action. As the Association did not consent to proceeding summarily and the former board members failed to file a motion to proceed in such a manner, we are constrained to vacate the March 3, 2017 order and remand the matter to the trial court. On remand, the trial court should permit the parties to argue why the matter should, or should not, proceed summarily, and allow the Association to file an answer, affirmative defenses, and counterclaim, and engage in any discovery that may be necessary to adjudicate the matter on the merits.

The Association raises other issues on appeal. We need not decide those issues based on our decision to vacate and remand the matter to the trial court. On remand, we do not suggest the outcome of the matter on the merits.

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3338-16T2