GEORGE A. REILLY AND VOTERS AND TAXPAYERS ASSOCIATION OF LAVALETTE, NEW JERSEY, PLAINTIFFS–APPELLANTS, v. FRANK E. BRICE AND BOROUGH OF LAVALETTE, DEFENDANTS–RESPONDENTS.

Argued January 5, 1988—Decided March 22, 1988.

*Leon A. Consales,* argued the cause for appellants.

*Daniel K. Simmons,* argued the cause for respondent Frank E. Brice.

*Steven A. Pardes,* argued the cause for respondent Borough of Lavalette (*Sinn, Gunning, Fitzsimmons, Cantoli, West & Pardes,* attorneys).

The opinion of the Court was delivered by

**O'HERN, J.**

 This case concerns the measure of discretion vested in courts under *Rule* 4:69–6(c) to enlarge the ordinarily applicable forty-five day limitation within which courts may review certain actions of municipal governing bodies. We hold that in the circumstances of this case the proper exercise of discretion is to enlarge the forty-five day limitation to allow review of the challenged municipal action.

The case arises from the Lavallette Borough Council's ratification, at a December 28, 1983, special meeting, of an award of a municipal "consulting" contract. In reality, the contract appears to be the negotiated settlement of a dispute over the termination of employment, and consequent entitlement to accrued vacation and sick pay, of the defendant, Frank E. Brice, who was then Lavallette's Chief of Police. Under the terms of the contract Brice was to have received $20,000 payable in equal monthly installments over a period of four years. Brice agreed to act as a consultant to the municipality during this period.

The plaintiff organization and the original named plaintiff claimed to represent the interests of the taxpayers and residents aggrieved by the municipal action. Seeking to declare the $20,000 contract illegal, plaintiffs filed a declaratory judgment action in May 1984 alleging a number of irregularities both in the substance of the agreement and in the procedure of its enactment.

Both defendant and plaintiffs moved for summary judgment. The trial court did not address the validity of the contract, ruling that the action, although denominated as one seeking declaratory relief, was in effect a complaint in lieu of prerogative writs. Since such a claim must be commenced within forty-five days of the governmental action, *R.* 4:69–6(a), the trial court dismissed plaintiffs' complaint because it was filed more than forty-five days after the right to review the action

arose. The Appellate Division affirmed in an unreported opinion. We granted certification. 108 *N.J.* 187 (1987).

The time limits governing actions in lieu of prerogative writs are set forth in *Rule* 4:69–6, which states in pertinent part:

> (a). General Limitation. No action in lieu of prerogative writs shall be commenced later than 45 days after the accrual of the right to the review, hearing or relief claimed * * *.
>
> * * * * * * * *
>
> (c). Enlargement. The court may enlarge the period of time provided in paragraph (a) or (b) of this rule where it is manifest that the interest of justice so requires.

Little can be added to Justice Pashman's characteristically thorough analysis of the proper understanding of "the interest of justice" standard embraced by this *Rule.*

> In *Ward v. Keenan,* 3 *N.J.* 298 (1949), this Court recognized that the creation of the in lieu proceeding by the Constitution of 1947 was not intended to discard "the substantive law of the former prerogative writs as a means of safeguarding individual rights against public officials and governmental bodies," but was meant to avoid the "defects of procedure that led to criticism." *Id.* at 308. As a result, exceptions based on prior decisional law were soon engrafted upon the rules governing in lieu proceedings. *Schack v. Trimble,* 28 *N.J.* 40, 47–48 (1958). In particular, the courts held that certain cases were excepted from the rule governing limitation of actions. See Pressler, *Current New Jersey Court Rules, Comment R.* 4:69–6 at 750 (1975). These exceptions included cases involving (1) important and novel constitutional questions; (2) informal or *ex parte* determinations of legal questions by administrative officials; and (3) important public rather than private interests which require adjudication or clarification. Paragraph (c) of the Rule which provides for enlargement of the limitations period, was added by amendment in 1957 and was intended to codify these decisional exceptions "in the form of a generalized standard." *Schack v. Trimble, supra,* 28 *N.J.* at 48. Consequently, in determining whether "the interest of justice" requires an enlargement of time under paragraph (c), courts should look to these decisions for guidance.
>
> [*Brunetti v. Borough of New Milford,* 68 *N.J.* 576, 585–87 (1975). (footnotes omitted).].

As noted by Justice Pashman, one of the well-recognized exceptions warranting relief from the statute of limitations is based on consideration of public rather than private interests. Plaintiffs assert no private interest in challenging this contract, but rather seek vindication of the public interest. Among the decisions cited for guidance in *Brunetti* was *Riddlestorffer v.*

*Rahway,* 82 *N.J.Super.* 36, 43 (Law Div.1963), where the court permitted enlargement of the time within which to review a contract between a city and a company that was to provide hospitalization benefits for the city's employees and their families. Other factors that will ordinarily guide courts include whether there will be a continuing violation of public rights, *Jones v. MacDonald,* 33 *N.J.* 132, 138 (1960) (holding that "each purported exercise of the right of office by one without title to it constitutes a fresh wrong"); whether individual installments or payments are to be made under the challenged contract, *Meyers v. Mayor and Council of the Borough of East Paterson,* 37 *N.J.Super.* 122, 128 (App.Div.1955), *aff'd,* 21 *N.J.* 357 (1956) (successive payments of salary under illegally created position constitute separate remediable acts); whether the question will have a continuing impact on the parties, *Reahl v. Randolph Township Mun. Utils. Auth.,* 163 *N.J.Super.* 501, 510 (App.Div.1978), *certif. denied,* 81 *N.J.* 45 (1979) (holding power of municipal authority to charge standard annual rate for sewer service was a question of public importance); whether the plaintiffs seek injunctive or other equitable relief in addition to the review of governmental action, *Thornton v. Village of Ridgewood,* 17 *N.J.* 499, 510 (1955) (holding equitable relief not barred by statute of limitations).

Balanced against these public interests, however, is the important policy of repose expressed in the forty-five day rule. The statute of limitations is designed to encourage parties not to rest on their rights. In general, ignorance of the existence of a cause of action will not prevent the running of a period of limitations except when there has been concealment. On this aspect of the case, we note that much of the municipality's grievance about the lateness of the action might have been avoided had the descriptions of the proposed public action been more specific. Plaintiffs have complained that the notice of the special meeting scheduled for December 28, 1983, failed to list this particular matter as an agenda item. Unlike a regularly scheduled public meeting, a special meeting requires publication

of an agenda, and, in particular, notice should be given of the items to be considered "to the extent known." *N.J.S.A.* 10:4–8d; *Witt v. Gloucester County Bd. of Chosen Freeholders,* 94 *N.J.* 422, 432–33 (1983). Because of the procedural posture of this case, no factual determination has been made regarding the extent to which the governing body knew of the need to act at that meeting on the proposed contract embodied in the resolution. In addition, the minutes of the December 28 special meeting, as approved on January 6, 1984, failed to state any of the specifics of the contract and recited only that the President of the Council was authorized to execute "the signed agreement with the Chief of Police," which was dated December 20, 1983.

Without delving into the question of when plaintiffs' right to challenge the Council's action arose (plaintiffs claim not to have learned of the matter until early April), we are satisfied that this factual setting properly calls for an exercise of judicial discretion to enlarge the time to review the action. The trial court noted that in the face of the Borough's argument seeking to enforce the forty-five day limitation, "[i]t's tempting to say * * * no harm is really done by the delay"; nevertheless, the court did not exercise its discretion under *Rule* 4:69–6(c). The trial court ruled that

> [t]he failure to file within the forty-five day rule provision is a fatal defect. * * *
>
> I might feel that the period of time is too short in this case but it's not my decision to make, it's contained in the rules and is appropriate to those rules, it's a judicial remedy that only exists within the parameters of the rules of the State of New Jersey. The complaint is dismissed.

Because of the emphasis at the trial level on whether or not plaintiffs' complaint for declaratory judgment should have been denominated as one in lieu of prerogative writs, the plaintiffs seemed not to focus on this argument before the trial court or to request an exercise of that court's discretion under the applicable rules and principles. Many of the factors emphasized before us were perhaps not sufficiently brought to the attention of the trial court. But rather than remand this matter for further exercise of discretion by that court, we

believe that in the interest of expedient disposition of this matter, time should be enlarged.

We hasten to add that our ruling does not in any sense suggest the illegality or impropriety of the contract at issue. We do not have all of the background to the municipal action, and have not sought to determine whether this contract would be a recognized exception to the local public contract laws; or what damages, if any, would flow from the award of the contract; or whether it would be fair to rescind the contract without restoring the Chief of Police to his *status quo* at the time he executed the contract. We surmise, however, that these matters will be readily resolved within the limited scope of judicial review of governmental actions. There is no occasion to question in a court of law whether, under the circumstances, the municipal action was wise or prudent. Rather, judicial review of governmental action is limited to the legality of the overall arrangements, assuming that procedural requirements have been complied with.

The judgment of the Appellate Division is reversed and the matter remanded to the Law Division for further proceedings.

*For reversal and remandment*—Chief Justice WILENTZ and Justices CLIFFORD, HANDLER, POLLOCK, GARIBALDI and STEIN—7.

*Opposed*—None.