**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1650-22

BERLEY ASSOCIATES LTD, 57
ELM REALTY HOLDINGS, LLC
and OLD LUMBERYARD
ASSOCIATES, LP,

      Plaintiff-Appellants,

v.

TOWN OF MORRISTOWN, THE
TOWN OF MORRISTOWN
PLANNING BOARD, and
SPEEDWELL VALLEY, LLC,

      Defendants-Respondents.

_____

Argued April 16, 2024 – Decided August 12, 2024

Before Judges Rose, Smith and Perez Friscia.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Docket No. L-0039-22.

Lawrence S. Berger argued the cause for appellants (Berger & Bornstein, LLC, attorneys; Lawrence S. Berger, on the briefs).

Brian P. Trelease argued the cause for respondent Town of Morristown (Rainone, Coughlin, Michello, LLC, attorneys; Brian P. Trelease, of counsel and on the brief; Corissa L. Sherman, on the brief).

Benjamin Clarke argued the cause for respondent Town of Morristown Planning Board (Decotis, Fitzpatric, Cole & Giblin, LLP, attorneys; Benjamin Clarke, on the brief).

Frank J. Vitolo argued the cause for respondent Speedwell Valley, LLC (Sills, Cummis & Gross, PC, attorneys; Frank J. Vitolo, of counsel and on the brief; Joshua J. Koodray and Linxuan Yan, on the brief).

PER CURIAM

Plaintiffs 57 Elm Realty Holdings, LLC (Elm Realty)[1] and Old Lumberyard Associates, LP (Lumberyard)[2] appeal from a series of orders entered by the trial court.[3] First, plaintiffs appeal the court's order dismissing

---

[1] Elm Realty is a New Jersey limited liability company that owns property in Morristown designated as Block 37.02, Lot 17 on the towns tax map. Elm Realty's property is not contiguous to the property for which Speedwell sought approval.

[2] Lumberyard is a New Jersey limited partnership that owns property located in Morristown, New Jersey, designated as Block 3702, Lots 8, 17, and 22 on the town's tax map. Lumberyard's property is not contiguous to the property for which Speedwell sought approval.

[3] Plaintiff Berley Associates LTD (Berley), was dismissed by order dated May 31, 2022, for lack of standing. The court found Berley was not an "interested party" as it no longer held an option or right to purchase the property in

with prejudice their constitutional challenges to a municipal off-site parking ordinance.  Next, plaintiffs appeal the court's order rejecting their challenge to a municipal planning board resolution approving a preliminary and final site plan application.  Finally, plaintiffs appeal the trial court's order awarding counsel fees to defendants pursuant to Rule 1:4-8.  We affirm.

I.

Plaintiffs challenged the Morristown Planning Board's (Board) resolution approving a developer's site plan application to develop a commercial office and retail complex.  We summarize the relevant background from the voluminous record.

On September 23, 2021, Speedwell Valey, LLC (Speedwell) applied to the Board for major site plan approval for proposed redevelopment and improvement of a property located at Block 5801, Lots 24, 26, 27, 28, and 29 (Speedwell property) on the municipal tax map.  The proposed redevelopment included a six-story office and retail building, with provisions for off-site

_____

dispute nor did it own any other property in Morristown.  In addition, although dismissed, plaintiffs included Berley as a party in its amended complaint.  By order dated September 19, 2022, the court found plaintiffs failed to provide any greater detail establishing standing and struck Berley from the amended complaint.

A-1650-22

parking. As part of its application, Speedwell's off-site parking plan included an agreement with a nearby parking garage to secure 320 dedicated parking spaces for users of the project site. The planning board engineer, Bryan Proska, of Traffic Planning and Design, Inc., reviewed Speedwell's parking proposal, and reported to the board that it conformed to the municipal off-site parking ordinance,[4] exceeding the minimum number of spaces required.

There were two public hearings on Speedwell's application. The first hearing took place on October 28, 2021. Witnesses included Peter Wong, Speedwell's architect, and Speedwell's traffic engineer, Matthew Seckler of Stonefield Engineering and Design, LLC. Wong's testimony included a site overview and a visual presentation of the proposed project. Among other things, Sackler testified concerning the results of his traffic analysis. Relevant to this appeal, Seckler testified that the secured parking agreement was "in compliance with the zoning ordinance standards."

The second hearing took place on November 4, 2021. Sackler testified again. He addressed Speedwell's compliance with traffic and parking aspects of the project. After the hearing closed, the Board unanimously adopted a resolution approving Speedwell's application on November 18, 2021. The

---

[4] Town of Morristown, N.J., Land Development Ordinance (Nov. 20, 2018).

eleven-page resolution contained the Board's findings of fact and conditions of approval. It cited witness testimony, the board engineers' reports, and public comment as support for its twenty-three separate findings of fact. Paragraph twelve of the resolution specifically addressed parking:

> Mr. Seckler described that building loading will be provided along the building frontage. The off-street parking for the development is being provided in Headquarters Plaza, pursuant to a parking license agreement between First Roc-Jersey and the Applicant dated October 27, 2021 for a total of 325 spaces. Mr. Seckler indicated that access to the Headquarters Plaza on Speedwell Avenue to the crosswalk at Cattano Plaza [is] within the 400 feet proximity required by the [z]oning [c]ode.

Neither Lumberyard nor Elm Realty appeared before the planning board to oppose Speedwell's application.

On January 6, 2022 plaintiffs filed a two-count complaint in lieu of prerogative writs against the Board, Speedwell, and the Town of Morristown. In Count I, plaintiffs alleged that the Board's approval and adoption of the resolution was arbitrary, capricious, and unreasonable, and violated the municipal zoning ordinance. Plaintiffs sought to invalidate the Board's approval of Speedwell's application and to void the resolution itself. In Count II, plaintiffs alleged the Morristown's off-site parking ordinance "failed to

establish valid standards of off-parking" and violated the Municipal Law Use Law.

On February 22, 2022, defendants moved to dismiss the complaint for lack of standing and for failure to state a claim. On May 31, the court granted defendants' motion and issued an accompanying statement of reasons. As to Count I, the court found that:

> [e]ven after reviewing the complaint liberally, the [c]ourt is unable to discern which set of actions or provisions of the [o]ff-[s]ite [p]arking [o]rdinance are alleged to have been violated by the Board. Plaintiff's allegations of arbitrary, capricious and unreasonable conduct by the Board are conclusory. Accordingly, the First Count fails to state a claim upon which relief can be granted and must be dismissed, without prejudice.

The court found Count II was time-barred and dismissed it with prejudice. The court noted that plaintiffs' action was filed three years after the Morristown off-site parking ordinance was published, well beyond the general forty-five-day statute of limitations for actions in lieu of prerogative writs set forth in Rule 4:69-6. It also found, "after balancing the equities," that plaintiffs did not merit a time extension under Rule 4:69-6(c).

In summary, the court rejected plaintiffs' argument that they were entitled to an enlargement of the forty-five-day statute of limitations because

6

the off-site parking ordinance was unconstitutionally vague both as applied and on its face. It found that the Board did not apply the ordinance to plaintiffs' properties therefore an as-applied constitutional theory was not available. It further found that there were no novel constitutional questions, informal or ex parte determinations of legal questions by public officials, or important public interests which required adjudication or clarification.

Plaintiffs filed an amended complaint, amending Count I to allege the Board made "no factual findings to support its conclusion that the [p]arking [a]greement 'complied with requirements of the [z]oning [c]ode.'" Plaintiffs also alleged the Board failed to undertake an "analysis of the alleged [p]arking [a]greement" and had made "no effort to determine whether the [p]arking [a]greement satisfied each of the provisions of the [o]ff-[s]ite [p]arking [o]rdinance." In addition, despite the trial court's May 31 order dismissing Count II with prejudice, plaintiffs re-pled Count II.

Defendants moved to dismiss both counts of the amended complaint, and on September 19, 2022, the court issued an order denying the motion as to Count I and granting the motion to dismiss Count II. In its accompanying statement of reasons, the court found plaintiffs' amended Count I was pled

7

with sufficient specificity to defeat a motion to dismiss.  As to Count II, the court stated:

> Plaintiffs have failed to cite to any authority that would permit the re-pleading of an already dismissed count to preserve appellate rights, and the [c]ourt is not aware of any such authority.
>
> . . . .
>
> Plaintiffs filed their amended complaint and re-pleaded dismissed Count II without legal authority to do so, and without reasonable explanation, requiring defendants to move, again, for dismissal of that count. Defendants did notice plaintiffs of their intent to seek dismissal and sanctions under Rule 1:4-8(b)(1). . . . Plaintiffs failed to withdraw Count II within 28 days thereafter. . . . Therefore, the [c]ourt finds the re-pleading of Count II in the amended complaint to be frivolous and in violation of Rule l:4-8(a).

In October 2022, Speedwell and Morristown filed separate motions for sanctions pursuant to Rule 1:4-8 against plaintiffs and their counsel, based on the re-filed Count II.  Plaintiffs did not oppose either motion but objected to Speedwell's accounting of its attorney's fees and costs.  The court granted Speedwell's motion for sanctions but denied Morristown's motion.  The trial court initially awarded Speedwell $14,039.46 in counsel fees and court costs but permitted them to submit a separate application for fees and costs incurred

A-1650-22

in making the sanctions motion. The trial court then awarded Speedwell an additional $7,399.42. Plaintiffs paid the entirety of the fee award.

On January 23, 2023, the trial court conducted a hearing on the merits, and issued an order granting defendants' motion to dismiss Count I on January 31. In its statement of reasons, the court found that a proper factual basis for the Board's approval of Speedwell's application was clearly stated in its resolution. The court explained:

> The [r]esolution provided the name of the entity providing the Parking Agreement–First Roc-Jersey– the number of off-site parking spaces (325), and the exact location of the access point to the off-site parking, which was within the required four hundred (400) feet. It also provided that the applicant's civil engineer determined that the access point was within the required four hundred (400) feet, and that the [p]arking [a]greement provided for three hundred and twenty-five (325) parking spaces.

Having found that the Board's resolution complied with the requirements of Morristown's off-site parking ordinance and contained specific findings supporting the Board's approval, the court also found, "[p]laintiffs have failed to meet their burden in proving that the Board's actions were arbitrary, capricious or unreasonable."

On appeal, plaintiffs raise three issues. First, they contend the trial court erred by not finding the Board's adoption of the resolution approving

A-1650-22

Speedwell's site plan application arbitrary, capricious, and unreasonable. Next, they contend that the trial court erred by dismissing Count II of the complaint and finding (1) plaintiffs had no basis to assert an as-applied constitutional challenge to the ordinance and (2) plaintiffs were otherwise time barred from challenging the ordinance and not entitled to an enlargement of the time limitation. Finally, plaintiffs contend the trial court erred in awarding counsel fees to defendants.

## II.

## A.

We first consider plaintiffs' challenge of the Board's adoption of the resolution approving Speedwell's application.

"When reviewing a trial court's decision regarding the validity of a local board's determination, 'we are bound by the same standards as was the trial court.'" Jacoby v. Zoning Bd. of Adj. of Englewood Cliffs, 442 N.J. Super. 450, 462 (App. Div. 2015) (quoting Fallone Props., L.L.C. v. Bethlehem Twp. Planning Bd., 369 N.J. Super. 552, 562 (App. Div. 2004)). Upon review, a local board's decision "enjoy[s] a presumption of validity, and a court may not substitute its judgment for that of the board unless there has been a clear abuse of discretion." Price v. Himeji, LLC, 214 N.J. 263, 284 (2013). "The proper

scope of judicial review is not to suggest a decision that may be better than the one made by the board, but to determine whether the board could reasonably have reached its decision on the record." Jock v. Zoning Bd. of Adj. of Twp. of Wall, 184 N.J. 562, 597 (2005) (citing Kramer v. Bd. of Adj. of Sea Girt, 45 N.J. 268, 296 (1965)). However, "[a] board's decision regarding a question of law, such as whether it has jurisdiction over a matter, is subject to de novo review by the courts and thus is afforded no deference." Pond Run Watershed Ass'n v. Twp. of Hamilton Zoning Bd. of Adj., 397 N.J. Super. 335, 350 (App. Div. 2008).

Plaintiffs argue the Board's adoption of the resolution was not based on any evidence adduced at the hearings or facts found by the Planning Board, but rather on a conclusory acceptance of the off-site parking agreement. We disagree, primarily for the reasons expressed in Assignment Judge Stuart A. Minkowitz's cogent statement of reasons appended to the January 31, 2023 order. We add the following brief comment.

Plaintiffs' argument falls flat as paragraph twelve of the resolution includes the Board's findings regarding Speedwell's compliance with municipal parking requirements. The Board's determination that the off-site parking agreement complied with the Town of Morristown's zoning code is

11

amply supported by the record, including, but not limited to: the plain language of the ordinance; the Stonefield report; the testimony of Matthew Seckler; the Proska report, and Speedwell's off-site parking agreement.

## B.

We turn to plaintiffs' Count II arguments.  On appeal, plaintiffs first argue that the trial court incorrectly found that they were unable to assert an "as applied" constitutional challenge and were not permitted to file outside  the forty-five-day period to challenge the application of the ordinance as prescribed by Rule 4:69-6(a).  Next, plaintiffs argue that their facial challenge of the ordinance warrants an enlargement of the time provision in the "interests of justice" pursuant to Rule 4:69-6(c).

"A statute may be challenged as being either facially vague or vague 'as applied.'"   State v. Lenihan, 219 N.J. 251, 267 (2014) (quoting State v. Maldonado, 137 N.J. 536, 563 (1994)).  "[A] law that is challenged for facial vagueness is one that is assertedly impermissibly vague in all its applications." Heyert v. Taddese, 431 N.J. Super. 388, 423 (App. Div. 2013) (quoting State v. Cameron, 100 N.J. 586, 594 (1985)).  On the other hand, where "[a] statute . . . 'is challenged as vague as applied[, it] must lack sufficient clarity respecting the conduct'" it seeks to enforce as to the party bringing the action.

12

Ibid. (quoting Visiting Homemaker Serv. of Hudson Cnty. v. Bd. of Chosen Freeholders, 380 N.J. Super. 596, 612 (App. Div. 2005)); see also Cameron, 100 N.J. at 594 (holding that statute challenged as applied "need not be proven vague in all conceivable contexts, but must be shown to be unclear in the context of the particular case").

"Not all statutes need to attain the same level of definitional clarity under the vagueness doctrine." Cameron, 100 N.J. at 592. For example, we apply a less strict level of scrutiny to those statutes which enact civil penalties and restrictions than those that implicate rights under the First Amendment or where criminal penalties are imposed. See Heyert, 431 N.J. Super at 424. Morristown's off-site parking ordinance is afforded a strong presumption of validity because its purpose is to promote the public welfare. Cf. Id. at 425 (providing that "[c]ity's rent control ordinance must be afforded a strong presumption of validity because its purpose is to promote the public welfare"). The thrust of plaintiffs' argument is that if "interested parties," besides the landowners, are unable to bring "as applied" challenges, a land use board would be free to misapply any ordinance it sees fit in order to "approve a project or a developer it favors." However, plaintiffs do not offer any record evidence to support their argument. On the other hand, if we accepted

13

plaintiffs' proposition, and we do not, any party could mount an as-applied challenge to any property, and businesses could employ such a challenge to prevent competitors from moving into the area.

Plaintiffs do not provide any support for their argument that they are an interested party to whom the ordinance was applied, and therefore within time pursuant to Rule 69-6(a), to assert an as applied challenge to the zoning ordinance. A survey of our jurisprudence reveals that in all cases where the challenged law is a zoning ordinance, the plaintiff bringing the "as applied" challenge is contesting the application of the regulation to their own property. See e.g., Griepenburg v. Twp. of Ocean, 220 N.J. 239 (2015) (landowners brought action against township, challenging validity of rezoning ordinance of a large tract of land, including most of landowners' property, from residential and commercial use to an Environmental Conservation district); Bailes v. Twp. of E. Brunswick, 380 N.J. Super. 336 (App. Div. 2005) (landowners challenged validity of zoning ordinance that decreased the permitted housing density as applied to their property); Pheasant Bridge Corp. v. Twp. of Warren, 169 N.J. 282 (2001) (landowner challenged validity of zoning ordinance that increased the minimum lot size for permitted residential development as applied to their property). We find no basis for plaintiffs' as applied challenge

14

and discern no error by the trial court in its dismissal of this aspect of plaintiffs' claim.

Concerning plaintiffs' facial challenge of the ordinance, the main question is whether the trial court properly denied plaintiffs' application to enlarge the forty-five-day time limit in the "interest of justice" under Rule 4:69-6(c).

As defined by our Supreme Court in Brunetti v. Borough of New Milford, 68 N.J. 576, 586 (1975), there are "three general categories of cases that qualify for the interest of justice exception: cases involving (1) important and novel constitutional questions; (2) informal or ex parte determinations of legal questions by administrative officials; and (3) important public rather than private interests which require adjudication or clarification." Borough of Princeton v. Bd. of Chosen Freeholders of Cnty. of Mercer, 169 N.J. 135, 152 (2001).

Plaintiffs contend that the off-site parking ordinance poses both a substantial constitutional question that requires adjudication and involves important public, rather than private interests. To support their claim, plaintiffs argue the ordinance is unconstitutionally vague as it does not contain adequate objective standards, criteria and guidelines. Plaintiffs contend that

15

various sections in the ordinance provide the Board with "unbridled discretion."  After a careful review of the record, we conclude that this argument has no merit.  There is no substantial constitutional question raised by plaintiffs which requires an enlargement of the forty-five-day time limit.

Turning to the public interest, plaintiffs posits that there are important issues of public interest regarding the validity, interpretation and enforcement of the off-site parking ordinance.  Plaintiffs cite various cases where a public interest was found, however those cases are distinguishable:  Borough of Princeton, 169 N.J. at 155 (holding adjudication beyond the forty-five-day limit in the public interest in the context of public bidding and solid-waste management contracts); Reilly v. Brice, 109 N.J. 555, 560 (1988) (holding enlargement of forty-five-day limitation where city council ratified a consulting contract at a special meeting and failed to list the matter as an agenda item in violation of procedure); Concerned Citizens v. Mayor and Council of Princeton Borough, 370 N.J. Super. 429, 447 (App. Div. 2001), certif. denied, 182 N.J. 139 (2004) (concluding relaxation of forty-five-day period warranted where plaintiffs alleged numerous violations and misapplication of statute governing redevelopment of municipal-owned property).  Having considered plaintiffs' arguments concerning public versus

16

private interests, we conclude there is neither legal authority nor support in the record to warrant enlargement of the forty-five-day limitation to challenge the facial validity of the ordinance. The trial court did not err.

Having affirmed the trial court's substantive orders in their entirety, including dismissal of plaintiffs' claims in Count II, we simply note that the record reveals no abuse of discretion in the trial court's award of counsel fees and affirm the orders of November 14, 2022 and December 2, 2022 for the reasons expressed by Judge Minkowitz.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

17

A-1650-22