**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0845-23

MITCHELL NELSON, SARAH
HEARN-NELSON, and PAULINA
GIRALDO,

     Plaintiffs-Appellants,

v.

MARISHA SIROIS, ADAM SIROIS,
and ZONING BOARD OF
ADJUSTMENT OF THE TOWNSHIP
OF MIDDLETOWN,

     Defendants-Respondents.

_____

Argued January 23, 2025 – Decided February 14, 2025

Before Judges Mayer and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-0192-23.

G. Aaron James argued the cause for appellants (Law Office of G. Aaron James, attorneys; G. Aaron James, of counsel and on the briefs).

John B. Anderson, III, argued the cause for respondents Marisha Sirois and Adam Sirois (Foss, San Filippo &

Milne, LLC, attorneys; John B. Anderson, III, of counsel and on the brief).

Gregory W. Vella argued the cause for respondent Zoning Board of Adjustment of the Township of Middletown (Collins, Vella & Casello, LLC, attorneys; Gregory W. Vella, of counsel and on the brief).

PER CURIAM

Plaintiffs Mitchell Nelson, Sarah Hearn-Nelson, and Paulina Giraldo appeal from an October 18, 2023 order denying their motion to: (1) enlarge the time to file a complaint in lieu of prerogative writs against defendants Marisha Sirois, Adam Sirois (collectively, defendants), and Zoning Board of Adjustment of the Township of Middletown (Board); (2) allow discovery; and (3) supplement the record before the Board. Because the motion judge found plaintiffs' complaint "was filed out of time," the judge dismissed the complaint. We affirm.

We recite the facts from the motion record and written decision authored by Judge Linda Grasso Jones. Plaintiffs own homes located about two hundred sixty feet from defendants' home. Defendants sought variance approvals from the Board to renovate and expand their existing home. The Board held public hearings on defendants' application. On September 12, 2022, the Board unanimously approved defendants' variance requests.

2

The next day, plaintiffs' counsel emailed the Board's attorney, asking: "So that I have a sense of timing for our appeal, please advise when the resolution will be available?"  The Board's attorney responded, "assuming I get it drafted in time, it will be adopted at the October 24 meeting."  On September 14, the Board's secretary emailed plaintiffs' attorney and his office manager, advising: "Once adopted, we will publish the Board decision in the <u>Two River Times</u>."

On October 25, 2022, the office manager emailed the Board's secretary, requesting a copy of the Board's resolution.  The Board's secretary responded the resolution "was not adopted–our attorney did not have it ready in time for the meeting."  The Board's secretary indicated the resolution "should be adopted at the November 28 meeting."

On November 28, 2022, the Board adopted a memorializing resolution granting defendants' variance approvals.  The Board's secretary sent a copy of the resolution to the office manager the following day, and stated the resolution "will be published in the <u>Two River Times</u>."

Defendants' attorney published notice of the Board's resolution in the <u>Asbury Park Press</u> on December 2, 2022.  The Board published notice of the resolution in the <u>Two River Times</u> on December 8, 2022.

A-0845-23

On December 8, 2022, the office manager emailed the Board's secretary, asking: "Can you please let me know when the [Board's] decisions were published in the newspaper?" The Board's secretary responded: "[The resolution] will be published [on December 8] in the Two River Times."

On December 22, 2022, the Board's secretary forwarded the affidavits of publication for the Board's memorializing resolution and copies of the notices published in the Asbury Park Press and Two River Times to the office manager.

Plaintiffs filed a complaint in lieu of prerogative writs on January 20, 2023, challenging the Board's approval of defendants' variances. Defendants and the Board filed answers and raised plaintiffs' failure to comply with the forty-five-day time period under Rule 4:69-6 as an affirmative defense.

After receiving the responsive pleadings, plaintiffs filed a motion to enlarge the time for filing their complaint and to supplement the record. In support of their motion, plaintiffs submitted several certifications, including a certification from the office manager. In her certification, the office manager explained she was a "1099 contractor who provided services to G. Aaron James, Esquire [related to] his professional concerns (e.g. projects related to his law firm and other businesses that each he and [p]laintiff Paulina Giraldo own and run) . . . ." The office manager certified the services she provided to plaintiffs'

counsel were purely administrative and did not require a formal legal education or legal training. However, the office manager admitted receiving an email from the Board's secretary with the affidavits of publication and copies of the newspaper notices on December 22, 2022.

Defendants and the Board opposed the motion, arguing plaintiffs proffered no justification to enlarge the forty-five-day period. Additionally, they asserted plaintiffs had sufficient time after receipt of the Board secretary's December 22, 2022 email to timely file their action in lieu of prerogative writs, but failed to do so.

On October 13, Judge Jones heard argument on plaintiffs' motion. In an October 18, 2023 order and accompanying written statement of reasons, the judge denied plaintiffs' motion and dismissed the complaint.

Judge Jones stated the time for appealing a board's decision under N.J.S.A. 40:55D-10(i) runs "from the first publication of the decision, whether arranged by the municipality or the applicant." She concluded the first publication of the Board's resolution was December 2, 2022, the date defendants' attorney published notice in the Asbury Park Press. The judge cited Rule 4:69-6(b), which requires the filing of actions in lieu of prerogative writs to review zoning board decisions within "[forty-five] days from the publication of a notice."

Because the parties did not dispute defendants published notice on December 2, 2022, Judge Jones concluded the forty-five-day period within which to file a complaint in lieu of prerogative writs commenced on that date.

Judge Jones also found plaintiffs "had in their possession on December 22, 2022 both the notice published by [defendants] and the notice published by the [Board]." Because the first notice was published on December 2, 2022, the judge determined the forty-five-day period for filing the complaint expired on January 16, 2023. Therefore, Judge Jones concluded plaintiffs' complaint filed on January 20, 2023, was untimely.

Judge Jones expressly rejected plaintiffs' argument that the Board's decision implicated an "important public rather than private interest" or "novel constitutional questions." She found: "This is a private concern of plaintiffs" and "does not constitute an 'important public rather than private interest which require[s] adjudication or clarification,' any more than any land use application heard by a local land use board." Further, the judge stated, there was no factual basis in the record implicating any important or novel constitutional questions.

In denying plaintiffs' motion, Judge Jones cited the office manager's certification. The judge found:

> plaintiffs' counsel delegated the follow-up work
> necessary to the successful filing of a timely

6

prerogative writs complaint to a non-lawyer, non-employee, who had no background or training in the area of land use law, who did not know and apparently was not advised by plaintiffs' counsel that the time frame for the filing of an appeal ran from the date of the publication of notice by the applicant, if that date is earlier than the publication by the [Board], and who 'felt no need' to obtain information on the law from plaintiff[s'] counsel–the attorney responsible for handling the case for plaintiffs–governing the filing of plaintiffs' prerogative writs complaint. Plaintiffs thus missed the due date for the filing of their prerogative writs complaint.

Regarding the decision to delegate responsibility for ascertaining the commencement of the forty-five-day period for filing a complaint in lieu of prerogative writs, Judge Jones wrote:

The decision to delegate responsibilities to [the office manager] concerning the analysis and application of law to the clients' matter does not provide a basis for expanding or extending the limitations period for the filing of a prerogative writ[s] complaint by plaintiffs.

Judge Jones further stated she was "unaware of any law that would permit the court to extend the filing due date for plaintiffs' prerogative writs complaint due to an error in legal analysis by a non-lawyer agent of plaintiffs' counsel."

Having determined plaintiffs' complaint was time-barred, the judge concluded "the remainder of plaintiffs' argument [was] moot." Notwithstanding

7 <span>A-0845-23</span>

her dismissal of the complaint as time barred, Judge Jones addressed and rejected plaintiffs' remaining arguments on the merits.

On appeal, plaintiffs contend the judge erred in failing to consider their probative and competent evidence. They further assert the judge erred in denying their motion to enlarge the time period for filing an action in lieu of prerogative writs and considering the opposition papers submitted by defendants and the Board. Additionally, plaintiffs contend the judge erred in determining the Board complied with N.J.S.A. 40:55D-10(f) and addressing issues not ripe for determination. Because we agree plaintiffs' complaint was untimely under Rule 4:69-6, we need not address plaintiffs' other arguments on appeal.

We review a trial judge's decision on a motion for enlargement under Rule 4:69-6(c) for an abuse of discretion. Reilly v. Brice, 109 N.J. 555, 560 (1988). The decision to grant an enlargement of the forty-five-day period of limitations for an action in lieu of prerogative writs is at [the] discretion of the trial court "when it perceives a clear potential for injustice." Hopewell Valley Citizens' Grp., Inc. v. Berwind Prop. Grp. Dev. Co., 204 N.J. 569, 578 (2011) (citing Reilly, 109 N.J. at 560). "An abuse of discretion 'arises when a decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Kornbleuth v. Westover, 241 N.J. 289,

302 (2020) (quoting <u>Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment</u>, 440 N.J. Super. 378, 382 (App. Div. 2015)).

<u>Rule</u> 4:69-6(b)(3) governs the time limit for filing a complaint in lieu of prerogative writs challenging approval of an application by a planning or zoning board. The <u>Rule</u> states:

> No action in lieu of prerogative writs shall be commenced . . . to review a determination of a planning board or board of adjustment . . . after [forty-five] days from the publication of a notice once in the official newspaper of the municipality or a newspaper of general circulation in the municipality.
>
> [<u>Ibid.</u>]

The Municipal Land Use Law (MLUL), N.J.S.A. 40:55D-1 to -171, governs the publication of notice of a zoning board's decision regarding a variance application. The MLUL requires:

> A brief notice of the decision shall be published in the official newspaper of the municipality, if there be one, or in a newspaper of general circulation in the municipality. Such publication shall be arranged by the applicant unless a particular municipal officer is so designated by ordinance; provided that nothing contained in this act shall be construed as preventing the applicant from arranging such publication if he so desires. . . . The period of time in which an appeal of the decision may be made shall run from the first publication of the decision, whether arranged by the municipality or the applicant.

[N.J.S.A. 40:55D-10(i).]

Here, defendants published notice of the Board's resolution in the Asbury Park Press on December 2, 2022, starting the forty-five-day statute of limitations for filing a prerogative writs action. The Board's publication of notice in the Two River Times on December 8, 2022 did not alter calculation of the forty-five-day period.

On December 22, 2022, plaintiffs' counsel, through his office manager, received an email containing the published notices of the Board's resolution with the publication dates. Based on defendants' December 2 publication of notice, the forty-five-day period expired on January 16, 2023. Because plaintiffs concede their attorney's office manager received copies of the published notices on December 22, plaintiffs had twenty-five days remaining to timely file their complaint. However, plaintiffs filed their prerogative writs action four days after the January 16 deadline.

Because plaintiffs concede their complaint was untimely under Rule 4:69-6(b)(3), they argue the interest of justice required enlarging the time period. Rule 4:69-6(c) provides a "court may enlarge the period of time provided in paragraph (a) or (b) of [Rule 4:69-6] where it is manifest that the interest of justice so requires." Three categories of cases qualify for the interest-of-justice

exception: "(1) important and novel constitutional questions; (2) informal or ex parte determinations of legal questions by administrative officials; and (3) important public rather than private interests which require adjudication or clarification." Borough of Princeton v. Bd. of Chosen Freeholders of Mercer, 169 N.J. 135, 152 (2001) (quoting Brunetti v. Borough of New Milford, 68 N.J. 576, 586 (1975)). However, due to "the importance of stability and finality to public actions, courts do not routinely grant an enlargement of time to file an action in lieu of prerogative writs." Tri-State Ship Repair & Dry Dock Co. v. City of Perth Amboy, 349 N.J. Super. 418, 423 (App. Div. 2002). Enlargement "represent[s] the exception rather than the rule." Rocky Hill Citizens for Responsible Growth v. Plan. Bd. of Rocky Hill, 406 N.J. Super. 384, 401 (App. Div. 2009).

We are satisfied Judge Jones properly dismissed plaintiffs' action as untimely. Plaintiffs failed to demonstrate grounds for enlargement of the forty-five-day period of limitations under Rule 4:69-6(c). In her written statement of reasons, Judge Jones meticulously explained why plaintiffs' untimely complaint failed to raise a constitutional question, impact the public interest, or assert other equitable considerations, justifying enlargement of time to file their action in lieu of prerogative writs.

On this record, there is no substantial constitutional question presented by plaintiffs. Nor did plaintiffs proffer evidence of a public interest entitling them to enlargement under Rule 4:69-6(c). Indeed, plaintiffs' claimed public interest is belied by their own statements. Plaintiffs expressed their desire to maintain their quiet enjoyment of their homes and objected to viewing a massive modern home nearby. These statements clearly evidence purely private interests. Additionally, plaintiffs' generic arguments related to the preservation of historic places fails to present an important public interest. Further, there were no other equitable considerations supporting enlargement of the time period. The Board's secretary did not mislead plaintiffs about publication of the notice for triggering the forty-five-day period for filing an action in lieu of prerogative writs. Thus, we discern no abuse of discretion in Judge Jones' order denying plaintiffs' motion to enlarge the forty-five-day period of limitations under Rule 4:69-6(c) and dismissing the complaint.

To the extent we have not addressed any arguments raised by plaintiffs, they do not warrant extended discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0845-23