**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0305-24

I.W.S. TRANSFER SYSTEMS
OF N.J., INC.,

    Plaintiff-Appellant,

v.

PLANNING BOARD OF THE
CITY OF GARFIELD, and
CITY OF GARFIELD, a
municipal corporation
of the STATE OF NEW
JERSEY,

    Defendants-Respondents.

_____

Argued January 26, 2026 – Decided February 10, 2026

Before Judges Sabatino and Bergman.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-4206-23.

Joseph W. Grather argued the cause for appellant (McKirdy, Riskin, Olson & DellaPelle, PC, attorneys; Joseph W. Grather, of counsel and on the briefs; Michael Realbuto, on the briefs).

Alyssa A. Cimino argued the cause for respondent Planning Board of the City of Garfield (Cimino Law, LLC, attorneys; Alyssa A. Cimino, of counsel and on the brief).

Santo T. Alampi (Santo T. Alampi, LLC) argued the cause for respondent City of Garfield.

PER CURIAM

This appeal in a redevelopment case arises out of the trial court's denial of a plaintiff's motion under Rule 4:69-6(c) to enlarge the 45-day period to bring an action in lieu of prerogative writs challenging the City of Garfield's blight designation as to an adjacent parcel. Because the court did not misapply equitable principles, nor the applicable law and associated decisions, in denying the enlargement and in dismissing the lawsuit as untimely, we affirm.

I.

The sole issue before us concerns the application of the enlargement Rule. We summarize the pertinent aspects of the record succinctly.

The case concerns a parcel in Garfield located at 69 Hepworth Place ("the property"). Plaintiff I.W.S. Transfer Systems of N.J., Inc. ("IWS") is the operator of a solid waste transfer station and material recovery facility. IWS's business is located directly adjacent to the property.

2

A-0305-24

In late July 2021, a resolution was adopted by the City directing the Planning Board to examine whether the property met the qualifications of an "area in need of redevelopment" under the Local Redevelopment and Housing Law (the "LRHL"), N.J.S.A. 40A:12A-1 to -49.

Thereafter, in September 2021, the City's planner issued a forty-page report concluding the property met the requisite criteria under N.J.S.A. 40A:12A-5 to be designated as an area in need of development for several reasons.

Among other things, the planner noted: (1) the building at 69 Hepworth Place was in disrepair and was otherwise dilapidated; (2) portions of the building previously used for manufacturing had been vacant for more than two years; (3) the parking lot to the rear of the property was completely unpaved, leading trucks to back up onto a nearby public street with on-street parking on both sides of the property; (4) the building lacked ventilation and light, allowing for conditions that were detrimental to the safety, health, morals, and welfare of the local community; and (5) the property was unsecured, with the potential to invite possible illicit activity as a result. According to the planner, many of these conditions had "existed for years if not decades without correction."

A-0305-24

The planner's report concluded the most effective way to return the property to a state of compliance with applicable land use and building standards, sound site design, and safe operation was to redevelop the site in a sustainable manner.

The Planning Board thereafter held a public meeting on November 18, 2021, at which a representative from the planner's architecture firm explained the contents of the report and comments from the public were heard.

Following these Planning Board proceedings, the City adopted a second resolution concerning the property at a public meeting of the Mayor and Council on December 21, 2021. That resolution designated the property to be a "non-condemnation" redevelopment area. The December 2021 resolution instructed that any property owner who wished to challenge the City's designation of the property as an area in need of redevelopment was required to file a complaint with the Superior Court within forty-five days of the resolution's adoption, pending publication of notice.

As noted by the trial court, it is undisputed that no representative of IWS appeared at the November 2021 Planning Board meeting, nor at the December 2021 public meeting of the Mayor and Council.

A-0305-24

Thereafter, the City's planner prepared and issued a redevelopment plan in July 2022. A subsection of the redevelopment plan listed under the heading "Affordable Housing" recited that the redeveloper was to either: (1) construct affordable housing units within the development; (2) contribute to the City's affordable trust fund; or (3) through a redeveloper's agreement, determine appropriate consideration to assist the City in meeting its affordable housing obligations.

An ordinance was introduced and adopted by the City on August 16, 2022 approving the redevelopment plan for the property. The matter then returned to the Planning Board to consider the redeveloper's application for preliminary and final major site plan approval.

At a public hearing on October 27, 2022 to assess the merits of the redeveloper's proposed site plan, the Planning Board heard expert testimony from a civil engineer, an architect, a traffic analyst, and a planner. They all testified in support of granting the application. Consequently, a third resolution was adopted by the Planning Board on December 15, 2022, granting major site plan approval to the redeveloper.

Further moving the project along, another ordinance was adopted by the City on March 14, 2023, approving a Payment in Lieu of Taxes ("PILOT")

program for the property. The ordinance further authorized the execution of a financial agreement between the city and the redeveloper.

A financial agreement and a related redevelopment agreement were entered into by the City and the redeveloper the following month in April 2023. Both agreements proposed the construction of a market-rate residential rental development on the property.

In the wake of all of these municipal events, IWS filed an action in lieu of prerogative writs in the Law Division on August 8, 2023, naming the City and the Planning Board as codefendants. The complaint was filed 595 days after the City had adopted the December 2021 resolution and 357 days after it had adopted the August 2022 ordinance – well beyond the 45 days prescribed by Rule 4:69-6(b)(3).

IWS thereafter filed an amended complaint on December 4, 2023. In particular, the amended complaint contested: (1) the constitutionality of the redevelopment designation of the property as "blighted;" (2) the approval of the redevelopment plan for having been predicated on an allegedly unconstitutional blight designation; (3) the site plan approval for a multi-story, multi-family residential building instead of retail uses, based on an alleged unconstitutional blight designation; (4) the site plan approval as an impermissible exercise of

spot and contract zoning; (5) defendants' failure to comply with their constitutional duty to provide affordable housing; and (6) defendants' violation of the "blighted area clause" of the New Jersey State Constitution's tax exemption provision, <u>N.J. Const.</u> art. VIII, § 3, ¶ 1.

Defendants filed pre-answer motions to dismiss the lawsuit as untimely under <u>Rule</u> 4:49-6.  In opposing the motions, IWS urged the trial court to enlarge the 45-day filing period under the "interest of justice" exception set forth in <u>Rule</u> 4:49-6(c).

Following oral argument, the trial court entered an order and seven-page written opinion on August 19, 2024, granting the dismissal motions.  In its opinion, the court focused exclusively on the untimeliness of IWS's lawsuit, noting that it had been filed well beyond the applicable 45-day filing period.

The court discerned no adequate grounds under the Court Rule and the factors established by the Supreme Court in <u>Brunetti v. Borough of New Milford</u>, 68 N.J. 576 (1975) to extend the filing deadline.  Specifically, the court found:

> The issues presented are far from novel and are focused on [p]laintiff's private interests[,] as [p]laintiff is not the target property, [p]laintiff is not within the designated redevelopment area, and [p]laintiff's property was not studied and was not determined to be in an area of redevelopment. . . . The court finds no

7

public interest warranting expansion of the applicable time period to permit [p]laintiff's amended complaint. In fact, the interest of justice to the City [d]efendants as well as to the public warrants dismissal of the complaint. The City [d]efendants, the owner of the Designated Property and redeveloper all have rights which are presumed to be vested in this matter many months ago. Plaintiff's complaint is fatally time-barred.

On appeal, IWS argues the trial court arbitrarily denied its motion to enlarge the 45-day period. IWS does not argue the merits. Defendants urge that we affirm the trial court's dismissal and enable the redevelopment project to advance.

II.

The applicable standards for time enlargement under Rule 4:69-6(c) have been repeatedly applied and illuminated in case law.

"Rule 4:69-6 sets forth the time limitations on the institution of [actions in lieu of prerogative writs]," with subsection (a) of the Rule "acknowledg[ing] a general limitations period of forty-five days 'after the accrual of the right to the review, hearing or relief claimed.'" Hopewell Valley Citizens' Grp., Inc. v. Berwind Prop. Grp. Dev. Co., L.P., 204 N.J. 569, 576-77 (2011) ("Hopewell Valley") (quoting R. 4:69-6(a)) (emphasis added). Rule 4:69-6(b)(3) similarly prescribes that no action in lieu of prerogative writs shall be commenced:

8

> [T]o review a determination of a planning board or board of adjustment, or a resolution by the governing body <u>or board of public works of a municipality approving or disapproving a recommendation made by the planning board or board of adjustment, after 45 days from the publication of a notice</u> once in the official newspaper of the municipality or a newspaper of general circulation in the municipality . . .
>
> [(Emphasis added).]

The Supreme Court has observed that the 45-day time limitations of <u>Rule</u> 4:49-6 are "designed to encourage parties not to rest on their rights." <u>Reilly v. Brice</u>, 109 N.J. 555, 559 (1988). Parties who object to municipal actions generally should be incentivized to bring their grievances to court promptly, so that their claims can be adjudicated efficiently and the validity of the governmental action can be determined in a timely manner.

At the heart of this appeal is the exception in <u>Rule</u> 4:69-6(c), which provides that a court "may enlarge the period of time provided in paragraph (a) or (b) of this rule where it is manifest that the interest of justice so requires." The exception has been the subject of many case law applications, too numerous to list comprehensively here. <u>See, e.g.</u>, <u>Hopewell Valley</u>, 204 N.J. at 578-83; <u>In re Ordinance 2354-12 v. Twp. of W. Orange</u>, 223 N.J. 589, 601-02 ("<u>In re Ordinance 2354-12</u>"); <u>Borough of Princeton v. Bd. of Chosen Freeholders</u>, 169 N.J. 135 (2001); <u>Reilly</u>, 109 N.J. at 560; <u>Brunetti</u>, 68 N.J. at 587.

A-0305-24

As the Court explained in <u>Hopewell Valley</u>, under subsection (c) of the Rule, a trial court "has discretion to enlarge a <u>Rule</u> 4:69-6(a) or (b) timeframe when it perceives <u>a clear</u> potential for injustice." 204 N.J. at 578 (emphasis added). The interest of justice exception has been found by our courts to be satisfied most typically in "cases involving '<u>important and novel constitutional questions</u>,' 'informal or <u>ex parte</u> determinations of legal questions by administrative officials,' '<u>important public rather than private interests which require adjudication or clarification</u>,' . . . and '<u>a continuing violation of public rights</u>.'" <u>In re Ordinance 2354-12</u>, 223 N.J. at 601 (internal citations omitted) (emphasis added); <u>see also</u> <u>Brunetti</u>, 68 N.J. at 585-88.[1]

In cases in which time enlargement has been sought, our courts have additionally considered: (1) the length of the delay in which a complaint has been made after the applicable filing deadline; and (2) the extent to which enlarging the limitations period might prejudice the opposing party. <u>See</u> <u>Comm. of Petitioners for the Repeal of Ordinance No. 522 (2013) of the Borough of W. Wildwood v. Frederick</u>, 435 N.J. Super. 552, 561-63 (App. Div. 2014) ("<u>Comm.</u>

---

[1] <u>Brunetti</u> is not comparable because it concerned a municipal-wide rent control ordinance raising what the Court described as "substantial" constitutional questions affecting multiple landlords and renters, <u>ibid.</u>, unlike this case involving a single parcel brought by a sole adjacent plaintiff owner.

A-0305-24

of Petitioners"); see also Rocky Hill Citizens for Responsible Growth v. Plan. Bd. of the Borough of Rocky Hill, 406 N.J. Super. 384, 402-03 (App. Div. 2009) ("Rocky Hill Citizens").

Our scope of review of a trial court's ruling on an enlargement request is substantially deferential, recognizing the court's first-hand perspective in equitably assessing the competing considerations presented before it. In Reilly, the Court repeatedly described the trial court's assessment under Rule 4:69-6(c) as entailing an "exercise" of "discretion." 109 N.J. at 556, 560. An abuse of judicial discretion "'arises when a decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Kornbleuth v. Westover, 241 N.J. 289, 302 (2020) (quoting Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015)). That said, we review de novo on appeal pure questions of law relevant to the trial court's decision. Manalapan Realty, L.P. v. Twp. of Comm. of Manalapan, 140 N.J. 366, 378 (1995).

Given these principles, we affirm the trial court's denial of the requested enlargement, substantially for the sound reasons we have quoted above from the written opinion of Judge Gregg A. Padovano. We add only a few comments, focusing on two strands of the analysis: (1) the substantial delay between the

11

series of municipal actions and IWS's lawsuit, and (2) the largely private rather than public character of IWS's interests as an objecting neighboring property-owner.

With respect to timing, the record reflects that 595 days elapsed between the adoption of the City's resolution on December 21, 2021 designating the property as an area of redevelopment under the LRHL and IWS's filing of its complaint in the Law Division on August 8, 2023. Subtracting out the 45-day permissible period to file suit, the lawsuit was mathematically approximately 550 days too late. IWS contends that a much later trigger date for the calculation should be used, specifically April 3, 2023 when the financial agreement between the City and the redeveloper was signed. Moreover, the City defendants publicly issued three additional formal governmental decisions advancing the project within the space of a year: the City's August 16, 2022 ordinance adopting the redevelopment plan (357 days pre-suit), the Planning Board's December 15, 2022 resolution granting site plan approval (236 days pre-suit), and the City's March 14, 2023 ordinance approving the PILOT program and authorizing the execution of a financial agreement (147 days pre-suit). The trial court's opinion mentions the intervals associated with both the December 21, 2021 resolution and the August 16, 2022 ordinance without specifying which interval controls.

12

Regardless of whether the December 21, 2021 resolution date or August 16, 2022 ordinance date is utilized, the trial court justifiably deemed IWS's delay in filing suit to be too long, recognizing explicitly that the City defendants, the property owner, and the redeveloper "all have rights which are presumed to have vested in this matter many months ago." Although in comparatively more compelling situations a few reported cases allowing enlargement have involved longer delays,[2] the delay here of as much as 550 days beyond the specified 45-day deadline could reasonably be deemed to exceed several other cases in which enlargement was approved. See, e.g., Comm. of Petitioners, 435 N.J. Super. at 562 (four days late); Hopewell Valley, 204 N.J. at 577, 583-85 (six days late); Reilly, 109 N.J. at 556, 559-61 (approximately five-months late). The trial court did not abuse its discretion in evaluating the length of the delay here.

---

[2] See, e.g., Brunetti, 68 N.J. at 587-88 (approximately one year and eleven months after revised rent control ordinance had been adopted); Harrison Redevelopment Agency v. DeRose, 398 N.J. Super. 361 (App. Div. 2008) (several years after the municipal blight designation, given constitutional defects in the notice provided to property owners); Borough of Princeton, 169 N.J. at 152 (nine years and five years after long-term contracts were entered); but see In re Ordinance 2354-12, 223 N.J. at 599-603 (53 days after final publication of a bond ordinance deemed too late); Rocky Hill Citizens, 406 N.J. Super. at 403 (court deemed delay of approximately two years after ordinance adopted too late); Casser v. Twp. of Knowlton, 441 N.J. Super. 353 (2015) (three year delay after Planning Board approved variances deemed too late).

A-0305-24

In addition, the trial court justifiably perceived this to be a situation in which the public interests asserted by IWS did not manifestly predominate over its private interests. Reilly, 109 N.J. at 558-59. Notably, one of the public interests cited in IWS's amended complaint and its appellate merits brief is the fact that neither the financial nor redevelopment agreements call for the construction of affordable housing on the property or require the redeveloper to contribute to the city's affordable housing obligation. Yet the bona fides of that affordable housing concern is weakened by the fact that, in its motion papers submitted to the trial court, IWS asserted that it "anticipates being on the wrong-side of a nuisance action commenced by the future residents of the building." Presumably, such future residents who might complain about noise and traffic from IWS's adjacent garbage collection facility would include low-and-moderate-income persons, if the redevelopment agreement were revised to require such below-market units. The trial court did not err in pointing out this apparent dissonance in its opinion.

We recognize that, apart from the affordable housing aspect, IWS has asserted a few other public concerns that it posits can justify its belated lawsuit, such as the propriety of the blight designation, the award of tax-exempt status, and the terms of the PILOT program. The trial court was surely aware of those

14

assertions, but, on balance, concluded the complaint was too untimely and essentially involved matters "wholly personal as [p]laintiff is the owner/occupant of a parcel adjacent to the Designated Property."

We defer to the trial court's assessment and discern no legal error, nor abuse of discretion. In doing so, we are not categorically determining that the identified issues are bereft of public characteristics, but that we are persuaded the judge did not err in concluding they should have been brought to court sooner.

To the extent IWS has raised other points on appeal, they lack sufficient merit to warrant discussion here. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Hanley*

Clerk of the Appellate Division

15

A-0305-24